IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**LENORA JONES**                                                                                          **PLAINTIFF**

v.                                                                              CIVIL NO. 1:21-cv-00068-HSO-RHWR

**DENIS RICHARD MCDONOUGH,**
*Secretary of the United States*
*Department of Veterans Affairs*                                                                **DEFENDANT**

### ORDER GRANTING DEFENDANT'S MOTION TO COMPEL

BEFORE THE COURT is the [30] Motion to Compel, filed by Defendant Denis Richard McDonough, Secretary of the United States Department of Veterans Affairs. Plaintiff Lenora Jones has filed a Response, *see* Pl.'s Resp. [33], and Defendant a Reply, *see* Def.'s Reply [36]. Having considered the memoranda and submissions of the parties, the Court concludes that Defendant's [30] Motion to Compel should be granted. Plaintiff must supplement her expert designation and discovery responses no later than March 25, 2022. Defendant's expert designation deadline is now April 25, 2022.

### I. BACKGROUND

Plaintiff Lenora Jones ("Plaintiff") brings this employment discrimination action under the Civil Rights Act of 1964 against Defendant Denis Richard McDonough, Secretary of the United States Department of Veterans Affairs ("Defendant"). *See* Compl. [1]. Defendant propounded written discovery on Plaintiff on August 13, 2021. Def.'s Mem. in Supp. [31] at 1. Following Plaintiff's allegedly inadequate discovery responses, Defendant sent a good faith letter requesting supplementation. Mot. to

Compel [30-1]. After three months of allegedly unsuccessful attempts to obtain a substantive response to the good faith letter or the requested supplementations, Defendant filed the instant [30] Motion to Compel.[1]

## II. **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 37(a) governs motions to compel discovery responses. Rule 37(a)(3)(B) provides that a party seeking discovery may move for an order compelling production or answers against another party when the latter has failed to produce documents requested under Federal Rule of Civil Procedure 34 or to answer interrogatories under Federal Rule of Civil Procedure 33. *See* Fed. R. Civ. P. 37(a)(3)(B)(iii)–(iv).

In reviewing a motion to compel, courts must consider that discovery rules "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "At some point, however, discovery yields diminishing returns, needlessly increases expenses, and delays the resolution of the parties' dispute." *Willis v. City of Hattiesburg*, No. 2:14-cv-89-KS-MTP, 2016 WL 918038, at *2 (S.D. Miss. Mar. 10, 2016). Indeed, "[d]iscovery is not a license for the [parties] to 'go fishing' and is limited to information that 'is relevant to any party's claim or defense.'" *Barnes v. Tumlinson*, 597 Fed. App'x 798, 799 (5th Cir. 2015) (citing *Marshall v. Westinghouse Elec. Corp.*,

---

[1] Defendant also filed a [32] Motion seeking an extension of his expert designation deadline. The Court mooted the [32] Motion following its suspension of Defendant's expert designation deadline pending ruling on the [30] Motion to Compel. *See* Text Only Order entered 02/02/2022.

2

576 F.2d 588, 592 (5th Cir. 1978); Fed. R. Civ. P. 26(b)(1)). "Finding a just and appropriate balance in the discovery process" is thus one of the Court's key responsibilities. *Willis*, 2016 WL 918038, at *2. "[I]t hardly bears repeating that control of discovery is committed to the sound discretion of the trial court . . . ." *Van Duzer v. U.S. Bank Nat. Ass'n*, 582 Fed. App'x 279, 283 (5th Cir. 2014) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

III. **ANALYSIS**

Having reviewed the submissions of the parties, the Court finds three issues that require resolution: (1) Defendant's compliance with the good faith certificate requirement, (2) adequacy of Plaintiff's Expert designation, and (3) adequacy of Plaintiff's discovery responses. The Court addresses each in turn.

**A. Good Faith Certificate Requirement**

As an initial matter, Plaintiff contends that the motion to compel must be dismissed without prejudice for failure to attach a good faith certificate. *See* Pl.'s Resp. [34] at 8. Defendant counters that he did confer in good faith, on multiple occasions, via letter, email, and telephone. Def.'s Reply [36] at 3-4.

Local Uniform Civil Rule 37 provides that "[b]efore service of a discovery motion, counsel must confer in good faith to determine to what extent the issue in question can be resolved without court intervention. A Good Faith Certificate ... must be filed with all discovery motions." L. U. Civ. R. 37(a). Generally, a good faith certificate is "mandatory" and failure to file a good faith certificate "will result in denial of the

3

motion without prejudice" to re-file. *See* Local Rule 37(a) & (c); *Ross v. CitiFinancial, Inc.*, 203 F.R.D. 239, 239-40 (S.D. Miss. 2001).

The Court prefers parties file a formal certificate of good faith and, in most cases, enforces this requirement. Defendant did not file a formal good faith certificate. Defendant's motion cites a good faith letter sent to Plaintiff on October 29, 2021, and a series of emails exchanged over an extended period confirming attempts to confer and resolve the issues now raised. *See* Mot. to Compel [30-1 & 2]. Defendant's memorandum likewise details numerous attempts to confer in good faith and further establishes a clear record of delay and unresponsiveness, attributable to Plaintiff and Plaintiff's counsel, that led to filing the motion. *See* Def.'s Mem. in Supp. [31] at 1-2. Plaintiff has provided several sincere reasons to explain the delays. *See* Pl.'s Mem. in Supp. [34] at 2-3. Because Plaintiff's actions required the filing of the motion to compel, and Defendant made multiple attempts to confer in good faith, denying the motion without prejudice and forcing Defendant to re-file would result in additional unnecessary and unwarranted delay. Therefore, the Court will not deny the motion based on the failure to file a formal certificate of good faith.

## B. Plaintiff's Expert Designation

Defendant asks the Court to compel Plaintiff to supplement her expert designation of Drs. Joanna Bayles, Robert D. Ross, and Sanjay Chaube on the grounds that Plaintiff failed to properly designate these experts as treating physicians pursuant to Federal Rule of Civil Procedure 26(a)(2)(C). *See* Def.'s Mem. in Supp. [31] at 9. Under Federal Rule of Civil Procedure 26(a)(2)(C), which governs

4

mandatory disclosures regarding designated non-retained experts, non-retained experts *must* provide disclosures stating *both* the subject matter on which the non-retained expert is expected to present evidence and a summary of the facts and opinions as to which the non-retained expert is expected to testify. Fed. R. Civ. Pro. 26(a)(2)(C)(i)-(ii) (emphasis added); *see also* L. U. Civ. R. 26(a)(2)(D). Failure to comply may result in the witness or information not being allowed at trial or barred from use at hearings or in motions under Rule 37(c)(1) "unless the failure was substantially justified or is harmless." *Primrose Operating Co. v. National American Ins. Co.*, 382 F.3d 546, 563 (5th Cir. 2004).

Upon review, the Court agrees that the designation is inadequate and does not adhere to the requirements of Fed. R. Civ. P. 26(a)(2)(C) or L. U. Civ. R. 26(a)(2)(D). Plaintiff merely named three treating physicians and conclusory claimed that they are "expected to testify about Plaintiff's medical condition." Mot. to Compel [30-3]. Plaintiff's copy and pasted conclusory statements fail to adequately state the actual subject matter of the expert's expected testimony or provide a summary of the facts and opinions of their expected testimony. *See Gerald v. Univ. of Southern Mississippi*, No. 2:12-cv-147–KS–MTP, 2013 WL 5592454, at *4–5 (S.D. Miss. 2013) (A non-retained expert witness[] need not submit a written report, but the party's designation must state the subject matter on which the witness is expected to present testimony, including a summary of the facts and opinions to which the witness is expected to testify.)

5

Plaintiff's expert designation is not only inadequate, but also unsupported by any medical records. Defendant seemingly raised this concern to Plaintiff on multiple occasions, but it does not appear she has taken steps to remedy it. To date, no information has been provided to support Dr. Chaube's testimony, and Defendant asserts that the clinic informed him that it possesses no records for the relevant period. Def.'s Reply [36] at 2. While it appears some information has been obtained concerning Dr. Ross, its sufficiency is not apparent. *Id.* As to Dr. Bayles, Defendant admits receiving 887 pages of medical records but contends that because they cover various conditions and treatments, he cannot decipher what is relevant based on the vague designation. *Id.*

Instead of supplementing her designation after Defendant raised these concerns, Plaintiff contends that she is not required to because she does not possess the records, has "cooperated" at every stage, and it is easier for Defendant to obtain her records. Pl.'s Mem. in Supp. [34] at 7. Plaintiff's attempt to shift the burden of supporting her expert designation onto Defendant has no basis in law and is not well taken by the Court.

Plaintiff's failure to provide an adequate expert designation and any medical records to support her designation rendered Defendant unable to counter-designate experts. Defendant, therefore, had to file the present motion to compel, and the Court had to suspend other deadlines in this case pending its resolution, thus creating further unnecessary delays.

Based upon the foregoing, Defendant's [30] Motion to Compel Plaintiff to supplement her expert designation should be granted. Plaintiff must provide a supplemental designation no later than March 25, 2022, that states *both* the subject matter on which each expert is expected to present evidence and a summary of the facts and opinions as to which each expert is expected to testify. The Court is not inclined to grant any extension of this deadline. Plaintiff is cautioned that failure to provide an adequate supplemental designation may result in striking Plaintiff's expert designation and/or the possible exclusion of their testimony in this case.

**C. Interrogatories No. 6 and 7**

Defendant asks the Court to compel Plaintiff to supplement her responses to Interrogatories Nos. 6 and 7 on the grounds that Plaintiff failed to provide full responses as required under Federal Rule of Civil Procedure 33(b). *See* Def.'s Reply [36] at 4. Federal Rule of Civil Procedure 33(b)(3) requires parties to answer each interrogatory, to the extent no objection is raised, "*separately and fully.*" Fed. R. Civ. P. 33(b)(3) (emphasis added). Rule 33(b)(4) requires the objection, when raised, to be stated with specificity. Fed. R. Civ. P. 33(b)(4). Failure to provide a complete response or the provision of an evasive or incomplete response "must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. Pro. 37(a)(4).

In sum, "[a] party served with written discovery must fully answer each interrogatory or document request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or

7

document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld." *Heller v. City of Dallas*, 303 F.R.D. 466, 485 (N.D. Tx. 2014)

Regarding the sufficiency of an interrogatory response, the Fifth Circuit has observed, "[d]iscovery by interrogatory requires candor in responding . . . The candor required is a candid statement of the information sought or of the fact that objection is made to furnishing the information. A partial answer by a party reserving an undisclosed objection to answering fully is not candid. It is evasive." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616–17 (5th Cir. 1977). The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper. *See Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973). Where an interrogatory answer "'as a whole disclose[s] a conscientious endeavor to understand the question[ ] and to answer fully [that question],'" a party's obligation under Rule 33 is satisfied. *Meltzer/Austin Rest. Corp. v. Benihana Nat'l. Corp.*, No. A–11–cv–542–LY, 2013 WL 2607589, at *3 (W.D. Tex. June 10, 2013) (quoting 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2177 (3d ed. 2010)). Plaintiff is not required to make an extensive investigation in responding to an interrogatory, but he must pull together a verified answer by reviewing all sources of responsive information reasonably available to him and providing the responsive, relevant facts reasonably available to him. See 8B Wright, Miller & Marcus, Fed. Prac. & Proc. § 2174 (3d ed. 2013).

The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). A party resisting discovery must show how the requested discovery is overly broad, unduly burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. *See Merrill v. Waffle House, Inc.*, 227 F.R.D. 475, 477 (N.D. Tex. 2005); *see also S.E.C. v. Brady*, 238 F.R.D. 429, 437 (N.D. Tex. 2006) ("A party asserting undue burden typically must present an affidavit or other evidentiary proof of the time or expense involved in responding to the discovery request."). "Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller*, 303 F.R.D. at 490.

Upon review, the Court agrees and finds that Plaintiff's responses to Interrogatories Nos. 6 and 7 are inadequate, do not adhere to the requirements of Rule 33(b)(3)-(4), and lack the candor demanded by Fifth Circuit precedent. Defendant's Interrogatory No. 6 asks Plaintiff to:

> Identify any/all physicians who provided care for the Plaintiff and any medical care, tests and/or treatment and results of such examination(s), tests, and treatment provided to plaintiff by said physician(s). An authorization to obtain medical records is attached to this interrogatory request. Please limit your response to the fifteen (15) year period prior to these discovery requests. You do not need to re-list physicians identified as part of your initial disclosures.

Pl.'s Resp. [33-3] at 5. Defendant's Interrogatory No. 7 asks Plaintiff to:

> State the name, address, and phone number of each hospital or medical facility in which Plaintiff has been either an inpatient or an outpatient

> in the fifteen (15) years prior to these discovery requests and for what she was/is being treated. You do not need to re-list the hospitals and/or medical facilities identified as part of your initial disclosures.

*Id.*

Despite each interrogatory asking for separate information, Plaintiff copied and pasted the same response to each:

> Objection that this request seeks information over a much longer time period than could be relevant or discoverable in this case. It is overbroad, unduly burdensome, and disproportional to the needs of the case to seek information more than five years old. Subject to and without waiving this objection, Plaintiff notes that at present the only physicians she currently recalls receiving treatment from are Joanna Bayles, Robert Ross and Sanjay Chaube. This response is subject to supplementation as any additional medical records are identified in plaintiff's own continuing search.

Pl.'s Resp. [33-3] at 5.

Plaintiff's response raises one proper objection: the request for a response covering the past fifteen (15) years is overbroad and not proportional to the needs of this case. The Court agrees that the five (5) year period preceding the events giving rise to this action is more appropriate. Notwithstanding that single proper objection, Plaintiff failed to provide a separate and complete response to each interrogatory for the un-objected five (5) year period, as required by the Federal Rules. Instead, Plaintiff stated the names of the three treating physicians and ignored the remainder of the request subject to unspecific boilerplate objections. As explained above, such response is improper under the Federal Rules, lacks candor under Fifth Circuit precedent, and amounts to an evasive answer.

10

Plaintiff also provided a verbatim supplemental response to each interrogatory, which states, "[i]n further response, and without waiving any of the foregoing, Plaintiff is also providing medical records with information responsive to this request." *Id*. This supplemental response offers no substance, and it does not appear that any specific records responsive to the specific requests under each interrogatory has been provided. Therefore, the supplemental responses are equally improper.

Before turning to the remaining discovery disputes, the Court finds it necessary to expound upon the reasons it disregarded the portion of Plaintiff's responses made "subject to" and/or "without waiving," the list of generic boilerplate objections (overbroad, unduly burdensome, and disproportional). Federal Rule of Civil Procedure 33(b)(4) explicitly requires that "grounds for an objection to an interrogatory shall be stated with specificity," and the "prohibition against general [or blanket] objections to discovery requests has been long established." *Heller*, 303 F.R.D. at 483 (quoting *Hall v. Louisiana.,* No. 12–657–BAJ–RLB, 2014 WL 2560579, at *1 (M.D. La. June 6, 2014)). As courts in this circuit and other jurisdictions have noted, the practice of making such objections is "manifestly confusing (at best) and misleading (at worse) and has no basis at all in the Federal Rules of Civil Procedure." *Heller*, 303 F.R.D. at 486-487. And "the failure to particularize overbreadth, undue burden, and relevance objections as required leads to one of two conclusions: either the responding parties lacked a factual basis to make the objections that they did, which would violate Rule 26(g), or they complied with Rule 26(g), made a reasonable inquiry before answering and discovered facts that would support a legitimate

11

objection, but they were waived for failure to specify them as required." *Heller*, 303 F.R.D. at 484 (cleaned up). Employing such tactics leaves "the requesting [p]arty uncertain as to whether the question has actually been fully answered or whether only a portion of the question has been answered." *Id.* at 487. (citing *Consumer Electronics Ass'n v. Compras & Buys Magazine, Inc.*, No. 08–21085–CIV, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008)).

In this case, Plaintiff offered multiple responses "subject to" and/or "without waiving," the list of generic boilerplate objections (overbroad, unduly burdensome, and disproportional). The provision of these evasive responses and failure to provide complete answers to the un-objection portion of each interrogatory left Defendant wondering whether each had been fully answered. Further, Defendant was left unable to designate counter experts, forcing the filing of the present motion, and the suspension of other deadlines in the case pending resolution of the motion.

Having reviewed the decisions of other courts in this circuit and other circuits, and examined the issues presented in this case, the Court agrees that employing generic boilerplate objections in this manner is, for the reasons explained above, inconsistent with the Federal Rules, not warranted by existing law, and a waste of opposing counsel and the Courts time. Accordingly, counsel should refrain from raising these free-standing generic boilerplate objections in responding to discovery requests in the future.

Based upon the foregoing, Defendant's [30] Motion to Compel Plaintiff to provide supplemental responses to Interrogatories 6 and 7 should be granted. Plaintiff must

provide separate and complete supplemental responses to each interrogatory covering that cover the five years prior to the events giving rise to this case. Plaintiff is cautioned that failure to provide answers consistent with the demands of the Federal Rules requirements, or evasive or incomplete answers, will be treated as a failure to respond. Plaintiff's supplemental responses are due no later than March 25, 2022. The Court is not inclined to grant any extension of this deadline.

**D. Request for Production No. 9**

Defendant asks the Court to compel Plaintiff to provide the signed tax release requested in Request for Production No. 9. *See* Def.'s Reply [36] at 4. Tax returns are neither privileged nor undiscoverable. *See Gondola v. USMD PPM, LLC*, 223 F.Supp.3d 575, 587 (N.D. Tx. 2016) (citing *F.D.I.C. v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995)). A party seeking to compel another party's tax returns must ordinarily demonstrate both relevance and a compelling need for them. *Cazorla v. Koch Foods of Mississippi, LLC*, 287 F.R.D. 388, 391 (S.D. Miss. 2012) (citing *Channel Control Merchants v. Davis*, No. 2:11-cv-21-KS-MTP, 2012 WL 1365743 at *1 (S.D. Miss. April 19, 2012); *see also Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).

Request for Production No. 9 asks Plaintiff to "[p]lease sign and return the attached releases for medical and financial information provided with these requests. Def.'s Mem. in Supp. [31] at 7. The parties agree that the only pending issue is the tax release. *See* Pl.'s Resp. [34] at 8-9; *see also* Def.'s Reply [36] at 4.

13

Plaintiff's Complaint explicitly seeks "[b]ack wages." Compl. [1] at 13. By seeking back wages, Plaintiff made her tax returns relevant to this case and created a compelling need for the documents. Plaintiff's argument that the requested tax information is not admissible and will not lead to the discovery of admissible evidence is improper. Def.'s Mem. in Supp. [31] at 7. While these documents may not ultimately be admissible at trial, they certainly appear reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Therefore, Plaintiff must provide Defendant with the completed tax release.

In her Response, Plaintiff discards the relevance objection and pivots to claiming that her tax returns are no longer relevant because she is not actually seeking back wages. *See* Pl.'s Resp. [34] at 9. Because, as stated above, Plaintiff's Complaint explicitly seeks back wages, and she has taken no formal action to relinquish that request, this argument is equally improper.

Based upon the foregoing, Defendant's [30] Motion to Compel Plaintiff to provide the completed tax release should be granted. Plaintiff must provide Defendant with the completed tax release no later than March 25, 2022. The Court is not inclined to grant any extension of this deadline.

**E. Request for Production No. 11**

Defendant asks the Court to compel Plaintiff to supplement her response to Request for Production No. 11 on the grounds that Plaintiff's continued objection is repetitive and meritless. *See* Def.'s Reply [36] at 4. Federal Rule of Civil Procedure 34(b)(2)(B) requires a party's response to a request for production "either state that

inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). Rule 34(b)(2)(C) further provides that objections "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C).

Defendant's Request for Production No. 11 asks Plaintiff to provide "[a]ny and all calendars, diaries, notes, computer files, emails, disks, appointment books, date books, or other pieces of paper written or composed by you during any part of the time period that pertains to the allegations contained in your Complaint." Def.'s Mem. in Supp. [31] at 7. In her response, Plaintiff objected on the grounds that the request, as written, sought "every single word written by the Plaintiff over a period of years and is plainly overbroad, unduly burdensome, disproportional to the needs of the case, an invasion of privacy, and seeks information neither relevant nor likely to lead to the discovery of relevant information." *Id*.

Plaintiff's original specific objection to the breadth of the request was, at minimum, reasonable, based on the request's plain language. However, Plaintiff failed to state whether any responsive information was being withheld under that objection or provide any relevant non-objectionable information related to the request, as required by the Federal Rules. Because the Court has already addressed the impropriety of conclusory and generic boilerplate objections, the only remaining specific objection raised is that the request "seeks information neither relevant nor

15

likely to lead to the discovery of relevant information." *Id*. An objection that a discovery request is irrelevant and not reasonably calculated to lead to admissible evidence, however, must include a specific explanation describing why the request lacks relevance and why the information sought will not reasonably lead to admissible evidence. *See Consumer Electronics Ass'n v. Compras and Buys Maganzine, Inc.*, No. 08-21085-CIV, 2008 WL 4327253, at *3 (S.D. Fl. 2008). Plaintiff failed to do so.

Following Plaintiff's objection, Defendant clarified both in his good faith letter and memorandum in support of this motion that the request seeks only information related to the issues in this case. *See* Mot. to Compel [30-1] at 6; Def.'s Mem. in Supp. [31] at 7. Defendant's clarifications should have resolved the issue; nonetheless, Plaintiff persists in her objection, despite being unequivocally informed of the limited scope of the request. Pl.'s Resp. [34] at 9. Plaintiff's continued objection is meritless, lacks any factual or legal support, and lacks the candor expected by this Court in discovery responses. Because Plaintiff has failed to provide any meaningful argument in support of her continued objection, the objection is waived. *See Samsung Electronics America, Inc. v. Yang Kun Chung,* 321 F.R.D. 250, 284 (N. D. Tex. 2017) (citing *OrchestrateHR, Inc. v. Trombetta*, 178 F.Supp.3d 476, 507 (N.D. Tex. 2016) ("A party who has objected to a discovery request then must, in response to a Rule 37(a) motion to compel, urge and argue in support of its objection to an interrogatory or request, and, if it does not, it waives the objection.").

16

Based upon the foregoing, Defendant's [30] Motion to Compel Plaintiff to supplement her response to Request for Production No. 11 should be granted. Because Plaintiff's only specific objections have been resolved, her supplemental response must provide all of the requested information that is related to the events underlying this case. Plaintiff's supplemental response is due no later than March 25, 2022. The Court is not inclined to grant any extension of this deadline.

## IV. **CONCLUSION**

**IT IS, THEREFORE, ORDERED** that, Defendant Denis Richard McDonough, Secretary of the United States Department of Veterans Affairs, [30] Motion to Compel is **GRANTED**.

**IT IS, FURTHER ORDERED** that, no later than March 25, 2022, Plaintiff must provide an expert designation that includes both the subject matter on which each expert is expected to present evidence and a summary of the facts and opinions as to which each expert is expected to testify.

**IT IS, FURTHER ORDERED** that, Defendant's expert designation deadline is now April 25, 2022.

**IT IS, FURTHER ORDERED** that, no later than March 25, 2022, Plaintiff must provide separate and complete supplemental responses to Interrogatories 6 and 7 that cover the five years prior to the events giving rise to this case.

**IT IS, FURTHER ORDERED** that, no later than March 25, 2022, Plaintiff must provide Defendant the signed tax release form.

17

**IT IS, FURTHER ORDERED** that, no later than March 25, 2022, Plaintiff must provide a supplemental response to Request for Production No. 11 that includes all requested information related to the events underlying this case.

**SO ORDERED** this the 8th day of March 2022.

*s/ Robert H. Walker*

ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE